IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:10-cv-00389-REB-KLM

K2C2, LLC,

    Plaintiff,

v.

HARCROS CHEMICALS INC., et al.,

    Defendants.

---

**AGREED PROTECTIVE ORDER OF CONFIDENTIALITY
REGARDING CERTAIN SPECIFIC DOCUMENTS**

---

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and being in the interests of justice, THE COURT HEREBY FINDS that it is necessary to preserve and maintain the confidentiality of a 1981 Asset Purchase Agreement between Defendant Elementis Chemicals Inc. ("Elementis") and Defendant T H Agriculture & Nutrition, LLC (the "1981 APA"), a 2001 Asset Purchase Agreement between Harcros Chemicals Inc. and Elementis (the "2001 APA"), and a 2001 Environmental Impact Agreement between Harcros and Elementis (the "2001 EIA") that contain certain information or material consisting of or containing confidential business information ("CBI") that requires confidential treatment and which has been produced informally in this action by Harcros to Plaintiff, K2C2, LLC.

IT IS, THEREFORE, HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The 1981 APA, the 2001 APA, and the 2001 EIA shall be designated "Confidential – Attorney's Eyes Only" and managed as such, as provided in this Protective Order.

2. As used in this Protective Order, "Confidential – Attorney's Eyes Only" refers to and shall include any and all information or material contained in the 1981 APA, the 2001 APA, and the 2001 EIA.

3. Any summaries of "Confidential – Attorney's Eyes Only" information or any other writings or records that quote from, identify, refer to, or reproduce the substance of the "Confidential – Attorney's Eyes Only" information with such specificity that the information or material can be identified, or by reasonably logical extension can be identified, shall be accorded the same status of confidentiality as the underlying information or material from which the summaries are made, and shall be subject to all of the terms of this Protective Order.

4. The following legend shall be placed on the front of any copy of the 1981 APA, the 2001 APA, and the 2001 EIA produced, copied, or used in any way in connection with this litigation: *"Contains 'Confidential – Attorney's Eyes Only' information – Refer to Protective Order."*

5. Except as otherwise provided by this Protective Order, access to and disclosure of information or material designated "Confidential – Attorney's Eyes Only" shall be used only for purposes of prosecuting or defending this action; shall not be used, directly or indirectly, for any business, commercial, or competitive purposes; and shall not be revealed, discussed, or disclosed in any manner or in any form to any person, entity, or judicial tribunal other than:

    a. Attorneys representing a Party in this action, including in-house counsel, and the employees and support staff of such attorneys;

b.  Any expert or consultant retained by a Party or its counsel for the purpose of this action and his or her staff;

c.  The Court and any of its staff and personnel;

d.  Court reporters, videographers, and third parties retained by counsel to a Party in this action to provide litigation related support services for such litigation, such as graphics, trial exhibits, photocopy services, or document collection, retrieval, or storage services;

e.  Any witness or potential witness in this action who is identified in a document as a prior recipient thereof or to whom, in the good faith judgment of counsel for a Party reasonably exercised, disclosure of the material is necessary for purposes of prosecuting or defending such action, provided that (i) the disclosure is limited to that which is reasonably necessary to develop evidence in the course of such litigation; (ii) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses and for no other purpose; (iii) Counsel for the disclosing Party endeavors in good faith to redact or handle the protected information in such a manner as to disclose no more protected information than is reasonably necessary in order to develop evidence; (iv) the witness or potential witness is not permitted to retain the protected information after the witness or potential witness is questioned regarding the protected information; (v) the witness or potential witness is explicitly informed prior to any such disclosure that this Protective Order forbids him or her to disclose the protected information except as otherwise permitted under this Protective Order, and that he/she is subject to this Court's jurisdiction for the purposes of enforcing this Protective Order; and, (vi) the witness

acknowledges in writing prior to any such disclosure that he or she has been so informed and agrees to comply with the terms of this Protective Order; and

f. Any other person who is designated by written stipulation of the Parties or by Order of the Court.

6. "Confidential - Attorney's Eyes Only" information or material shall not be shown or disclosed to a person described in paragraphs 5(b), 5(d) 5(e), or 5(f) until after that person is shown this Protective Order and signs and dates a written agreement to be bound by the terms of this Protective Order, which agreement shall be identical to that set forth in Exhibit A of this Protective Order. Counsel providing access to "Confidential – Attorney's Eyes Only" information from the 1981 APA, the 2001 APA, or the 2001 EIA shall retain a copy of each such written agreement it obtains. For testifying experts, a copy of such agreement shall be furnished at the time the expert's designation is served, or at the time "Confidential – Attorney's Eyes Only" information is provided to the testifying expert, whichever is later. Any Party seeking a copy of any other executed agreement may make a demand in writing setting forth the reasons for the demand, to which the opposing Party will respond in writing. The opposing party retains all of its legal rights to object, including, but not limited to, that disclosing such executed agreement would invade the attorney-client and/or work product privileges.

7. Notwithstanding any provision contained in Paragraph 5 above and the subparts contained therein, "Confidential – Attorney's Eyes Only" information or material shall not be disclosed to a person currently employed by a customer or competitor of a Party without giving that Party fourteen (14) days advance notice regarding the disclosure, so that the Party can seek Court action regarding the propriety of the proposed disclosure. Within thirty-five (35) days following entry of this Protective Order, Harcros shall provide to each other Party a list of

companies that it considers a competitor for purposes of this Order. Harcros may modify its list by providing each other Party five (5) business days written notice of such modification, which modification shall be in effect unless (a) within ten (10) business days following receipt of the modifications, another Party files a motion challenging the modification after attempting to resolve any disagreements with Harcros over the modification, and (b) the Court grants that motion.

8. Any Party disclosing or producing hard copy documents or other information or material that is "Confidential - Attorney's Eyes Only" shall affix a label, stamp, or mark on each page of each such document, substantially stating that the information or material is "Confidential – Attorney's Eyes Only." Such labeling, stamping, or marking shall be made prior to producing the information or material to the other Party for inspection or copying. The failure to so label or mark any item will not be deemed in any manner an admission by any Party of lack of proprietary interest or confidentiality of such item.

9. To the extent that any Party or his/her/its counsel creates, develops, or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases, or programs that contain protected "Confidential - Attorney's Eyes Only" information, he/she/it must take reasonable steps to insure that access to that electronic media is properly restricted to those persons who, under the terms of this Protective Order, may have access to the protected information. Any Party disclosing or producing electronic media containing "Confidential – Attorney's Eyes Only" information from shall either affix or associate or link a legend on the media or files thereon referring to *"Confidential – Attorney's Eyes Only"* or, if that is not practicable, shall send opposing counsel

a letter identifying the information or material that is designated "Confidential – Attorney's Eyes Only."

10. Every person who receives "Confidential – Attorney's Eyes Only" information or material shall:

    a. Maintain the confidentiality of such information or material;

    b. Not release or disclose the "Confidential – Attorney's Eyes Only" information, or the nature, substance, or contents thereof, to any person not entitled to receive such information or material under the terms of this Protective Order; and

    c. Return or destroy the designated information or material and all copies thereof at the close of this action pursuant to the procedures set out in paragraph 15 below.

11. This Protective Order shall not prevent a Party from applying to the Court: (a) for relief therefrom; (b) for either enlargement or restriction of the rights of access to and/or use of information or material designated as "Confidential – Attorney's Eyes Only;" (c) to challenge the propriety of the designation of certain information as "Confidential – Attorney's Eyes Only" and/or the procedure for handling the same; (d) for further or additional protective orders; or (e) to modify this Protective Order, subject to the Court's approval. The burden of proving confidentiality rests with the party seeking confidentiality, as provided in the Federal Rules of Civil Procedure.

12. In the event that a Party desires to provide access to or disseminate "Confidential – Attorney's Eyes Only" information to any person not otherwise entitled to access such information or material, and the Parties cannot agree thereon, then the Party desiring to provide

access to or disseminate the protected information or material may move the Court for a order permitting the disclosure for good cause shown.

13. The execution of this Protective Order shall not detract in any way from the right of a Party to object to the production of discovery materials on grounds other than confidentiality.

14. Any "Confidential - Attorney's Eyes Only" information or material that is submitted to or filed with the Court, including any documents, pleadings, motions, transcripts, or other filings that disclose the contents or substance thereof, shall be filed as a restricted document under the Court's electronic filing system, which shall restrict access to counsel for the Parties and the Court. If any documents have to be submitted to the Clerk or the Court in hard copy form, such documents shall be placed in a sealed envelope marked on the outside with the title of the action and a statement substantially in the following form:

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

> This envelope filed by (name of Party) contains Confidential Information and is not to be opened, nor the contents thereof accessed or revealed, except by Court Order or by agreement of the Parties in the above entitled action.

Every such document shall be furnished in its entirety to this Court and to all counsel of record, and shall be treated as if designated "Confidential – Attorney's Eyes Only."

15. Nothing in this Protective Order shall be deemed to preclude any Party from challenging the validity of the confidentiality of any information or material so designated at any time. If any Party elects to challenge the designation of confidentiality of any information or material pursuant to this Protective Order, that Party shall notify Harcros claiming confidentiality of its challenge, in writing. Within twenty-one (21) days of the receipt of such written notice, Harcros will either voluntarily remove the confidential designation or notify the challenging

party that it will not remove the designation. Upon a refusal by Harcros to remove the designation, the challenging Party may move the Court for an order determining the propriety of the designation. Pending consideration of such motion, the information or material shall remain and be treated as "Confidential – Attorney's Eyes Only" information until the Court rules on the motion. *All disputes regarding confidentiality designations shall be brought to the attention of the Court no later than thirty (30) days before the discovery deadline.* — KLM

16. In the event any "Confidential – Attorney's Eyes Only" information is used in any hearing in this action, it shall not lose its designated status through such use. Testimony taken at a hearing may be designated as confidential by making a statement to that effect on the record at the hearing, or by designating such testimony as confidential within twenty (20) days of the designating Party's receipt of the transcript. The entry of this Protective Order shall not be construed to broaden or narrow any Party's obligation to produce information pursuant to the applicable rules of discovery. Nothing in this Protective Order shall be construed as a waiver of any right to object to the production of information in response to discovery.

17. This Protective Order does not govern use of "Confidential – Attorney's Eyes Only" information at any trial in this action. Nothing in this Protective Order shall prevent a Party from using any "Confidential – Attorney's Eyes Only" information at any hearing or trial or any proceeding in any such action subject to such limitations as the Court may impose upon proper application. Prior to any hearing or trial at which the use of "Confidential -- Attorney's Eyes Only" information is anticipated, the Parties shall meet and confer regarding procedures for the use and protection of the confidential information.

18. If a Court or an administrative agency or Party subpoenas, requests production of, or orders production of information designated as "Confidential – Attorney's Eyes Only" pursuant to this Protective Order, the Party receiving such subpoena, request, or order shall

promptly notify Harcros of the pendency of the subpoena, request, or order. A Party receiving a subpoena shall not produce any confidential information in response to the legal process, except as ordered by a court or tribunal, until Harcros has had an opportunity to object to such process and either declined to object or the other Party's objection has been overruled and all appeals have been exhausted. In addition, the subpoenaed Party must inform the issuer of the subpoena of this Protective Order and provide the issuer with a copy of this Protective Order. A Party ordered by a court or tribunal to produce confidential information shall not produce such information prior to the date of production specified in the order of the court or tribunal.

19. Violation by any person of any provision of this Protective Order may, as circumstances warrant in the Court's discretion, be subject to relief as the Court orders.

20. The Court reserves the power and authority to remove documents from the scope of this Protective Order if it finds that such information does not constitute information or material properly protected by this Protective Order. The Court shall retain jurisdiction over the Parties for the purpose of ensuring compliance with this Protective Order and granting such amendments, modifications, and additions to this Protective Order and such other and further relief as may be necessary. Upon written agreement of the parties affected by a particular issue concerning confidentiality under this Order, any term of this Protective Order may be modified.

21. This Protective Order shall survive the final disposition of this case as to any party, whether by judgment, dismissal, settlement, appeal, or otherwise.

BY THE COURT:

Dated: August 12, 2010

_____
UNITED STATES ~~DISTRICT~~ JUDGE
          MAGISTRATE

# EXHIBIT 1

I, _____, certify that I have read the Protective Confidentiality Order dated _____, 2010, entered by the United States District Court for the District of Colorado in the matter of <u>K2C2, LLC v. Harcros Chemicals Inc., et al.</u>, Case No. 1:10-cv-00389-REB-KLM. The Protective Order has been fully explained to me, and I further certify that I fully understand the procedural and substantive requirements of the Protective Order, a copy of which is attached hereto. Before reviewing or receiving access to any document, material, information and/or discovery subject to the protection of the Protective Order and as a condition for such review and/or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Protective Order. I certify that I will abide by the all of the terms and provisions of the Protective Order, and I subject myself to the jurisdiction and venue of said Court for purposes of enforcement of the Protective Order.

_____
(Signature)